UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HASSANNA GRIER,

    Plaintiff,

v.                           Case No. 8:23-cv-2916-WFJ-NHA

IN TOWN SUITES CLERK,
TAMPA POLICE DEPARTMENT,
and HILLSBOROUGH COUNTY
SHERIFF'S OFFICE,

    Defendants.
_____/

## **ORDER**

I recommend that the Court deny without prejudice Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2) and dismiss without prejudice her Complaint (Doc. 1).

Plaintiff Hassanna Grier filed this action against Defendants In Town Suites, Tampa Police Department, and the Hillsborough County Sheriff's Office, alleging that she and her 2-year-old grandchild were harassed, neglected, and assaulted. Doc. 1, p. 5. Plaintiff, who is not represented by an attorney, seeks to bring this lawsuit without pre-paying the filing fee. Doc. 2.

## Background

This is not Plaintiff's first federal lawsuit. In October 2019, Plaintiff filed an action against the Tampa Housing Authority, her landlord, and a state court judge, for unfair treatment, discrimination, and harassment relating to her Section 8 housing. *Grier v. Section 8 Tampa Housing Authority et al*, Case No. 8:19-cv-02503-WFJ-AEP ("Grier I"). The Court denied Plaintiff's application to proceed without prepaying the filing fee, in part because her complaint failed to make clear whether the Court had jurisdiction over the lawsuit. *Grier I*, Doc. 5, pp. 2-3. The Court offered Plaintiff an opportunity to amend her complaint and to specify whether any federal question was at issue in the suit. *Grier I*, Doc. 5, pp. 3-6. Plaintiff declined to file an amended complaint, and her case was dismissed. *Grier I*, Doc. 7.

On December 20, 2023, Plaintiff filed three actions. The first was against Orient Road Jail, Falkenburg Road Jail, and the Tampa Police Department, for assault, harassment, humiliation, torture, and medical neglect. *Grier v. Orient Road Jail, et al*, Case No. 8:23-cv-02857-KKM-JSS ("Grier II"). The Court dismissed that action without prejudice for lack of jurisdiction, explaining that Plaintiff failed to demonstrate either diversity jurisdiction or federal question jurisdiction. *Grier II*, Doc. 3. The second of Plaintiff's December 20, 2023 filings was against the Red Roof Inn, Orient Road Jail, Falkenberg Road Jail, Hillsborough County Sheriff's Office, and the Tampa

Police Department for coercion, intimidation, negligence, assault, discrimination, and harassment. *Grier v. Red Roof Inn, et al.*, Case No. 8:23-cv-02917-KKM-JSS ("Grier III"). The Court dismissed that action without prejudice, again, for lack of jurisdiction. *Grier III*, Doc. 3. The third December 20, 2023 lawsuit Plaintiff filed was this one ("Grier IV"), in which she sues In Town Suites, Hillsborough County Sherriff's Office, and the Tampa Police Department for assault, neglect, and harassment.

On February 20, 2024, Plaintiff brought another complaint against Defendants Florida Hospital, Ambulance Crisis Center, and the Tampa Police Department, in which she alleged humiliation and neglect. *Grier v. Florida Hospital, et al*, Case No. 8:24-cv-443-SDM-NHA ("Grier V"). The Court recommended that her complaint be dismissed without prejudice because, again, Plaintiff did not establish the Court's jurisdiction. *Grier V*, Doc. 3, p. 1.

To summarize, in each of the other actions Plaintiff has filed, the Court has explained to Plaintiff that federal courts are courts of limited jurisdiction—that is, federal courts are only authorized to hear certain types of cases—and that she must demonstrate that her case is the kind that a federal court is authorized to hear. *Grier I*, Doc. 5 at pp. 2-3; *Grier II*, Doc. 3 at pp. 1-3; *Grier III*, Doc. 3 at pp. 1-3; *Grier V*, Doc. 3 at pp. 7-9. The Court has specifically instructed Plaintiff that she can establish jurisdiction by (1) alleging a "violati[on of] any provision of the Constitution, laws, or treaties of

3

the United States," (*Grier I*, Doc. 5 at pp. 2-3), or (2) by establishing both that the amount in controversy is greater than $75,000 and that she is not a citizen of the same state as any defendant, (*Grier II*, Doc. 3). Plaintiff has repeatedly failed to meet these requirements, and the Court has repeatedly dismissed, or recommended dismissal of, her complaints. *Grier I*, Doc. 7; *Grier II*, Doc. 3; *Grier III*, Doc. 3; *Grier V*, Doc. 3.

Here, Plaintiff sues In Town Suites, Hillsborough County Sherriff's Office, and the Tampa Police Department for assault, neglect, and harassment. Doc. 1, p. 1. Plaintiff alleges that, in "Oct/Nov 2019" she and her grandchild were "assaulted" and "harassed" by an In Town Suites Clerk, Tampa Police Department officers, and Hillsborough County Sheriff deputies, and that the process was "frightening for plaintiff and grandchild." Doc. 1, pp. 4–5. Plaintiff adds that she and her family "need not to be violated, assaulted, neglected, abused, and harassed anymore." Doc. 1, p. 4.

Plaintiff alleged that the Court has federal question jurisdiction over the case, but, when asked to list the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff listed ten Florida statutory claims: (1) coercion and intimidation, in violation of Section 760.37; (2) "violation of constitution," in

violation of Section 760.51;[1] (3) negligence, in violation of Section 768.81; (4) assault, in violation of Section 784.11; (5) punitive damages, in violation of Section 768.73; (6) harassment, in violation of Section 784.048; (7) perjury in a non-official proceeding, in violation of Section 837.012; (8) punitive damages, in violation of Section 768.73; (9); culpable negligence, in violation of Section 784.05; and (10) discrimination in public, in violation of Section 760. Doc. 1, p. 3

With her complaint, Plaintiff filed a motion to proceed without prepaying costs or fees. Doc. 2. The Court issued an order taking the motion under advisement. Doc. 8. That order explained that the Court lacked enough information to determine whether Plaintiff could afford the filing fee, whether the Court had jurisdiction over her case, or whether Plaintiff had a viable claim. *Id.* The Court's order explained what was required to invoke the Court's jurisdiction and to plead a viable claim. *Id.* The Court then directed Plaintiff to file, by February 26, 2024, an amended financial form and an amended complaint stating (1) why the Court had jurisdiction to hear her case; and (2) a short and plain description of the facts that showing Defendants had violated

---

[1] This statute authorizes the Florida Attorney General to sue persons who interfere with another's enjoyment of his state constitutional or state law rights.

the law. *Id.* p. 7. The Court warned Plaintiff that, if she failed to timely amend the financial form and complaint, she risked dismissal of her case. *Id.*

In response to the Court's order, Plaintiff filed a notice stating, "This claim is not a small claim and I am seeking damages over 1 million dollars." Doc. 9. Plaintiff added that her claim was for safety and cited a Florida state public discrimination statute as well as a Florida state intimidation statute. *Id.* She also stated that she attached another copy of her application to proceed without prepaying fees. *Id.* She wrote "it's the same. N/A means I don't have, I originally shared that $0.00 beside it." *Id.* Despite her notice stating that she had submitted another application to proceed without prepaying fees, the Court did not receive one.

## Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that [s]he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end,

section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

To demonstrate a basis in fact, Federal Rule of Civil Procedure Rule 8 requires that a plaintiff describe what a defendant did that violated the law. As stated under the Rule, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Conclusions and characterizations of conduct are insufficient; a complaint must allege enough *facts* to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

Independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that it has subject matter jurisdiction over a case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks

7

subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir.1999)). First, federal courts have original jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states; this is called diversity jurisdiction. 28 U.S.C. § 1332. Second, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"; this is called federal question jurisdiction. 28 U.S.C. § 1331. A complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which requires that a federal question be presented on the face of plaintiff's

properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Unless the party asserting jurisdiction demonstrates otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## Analysis

In this case, Plaintiff has not pled sufficient facts to state a claim. Plaintiff alleges that, in "Oct/Nov 2019" she and her grandchild were "assaulted" and "harassed" by an In Town Suites Clerk, Tampa Police Department officers, and Hillsborough County Sheriff deputies, and that the process was "frightening for plaintiff and grandchild." Doc. 1, pp. 4–5. Plaintiff adds that she and her family "need not to be violated, assaulted, neglected, abused, and harassed anymore." Doc. 1, p. 4. Assault, harassment, abuse, and neglect are legal characterizations of an event, rather than factual descriptions of one. It was for this reason that the Court gave Plaintiff an opportunity to file an amended complaint and directed her to "describe the events with sufficient detail to allow the Court to determine whether the statutes she cites were violated." Doc. 8, p. 6. She did not do so. Thus the Court cannot find that Plaintiff's has met her burden to provide "a short and plain statement of [her] claim[s] showing that [she] is entitled to relief."

Likewise, Plaintiff has not demonstrated that this Court has subject matter jurisdiction over her case. In her complaint, Plaintiff states that this

case involves a federal question. Doc. 1, p. 3. However, when asked to "[l]ist the federal statutes, federal treaties, and or provisions of the United States Constitution that are at issue in this case" which form the basis of federal-question jurisdiction, Plaintiff listed ten Florida statutes. *Id.* The complaint does not provide any basis on which the Court could find that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Additionally, although Plaintiff does not purport to assert diversity jurisdiction, it appears unavailable in this case, given that Plaintiff and all Defendants appear to be citizens of Florida. Doc. 1, pp. 1-2.

Plaintiff was given an opportunity to submit an amended complaint that included "a short and plain explanation of the reason Plaintiff believes this federal court, rather than a state court, has jurisdiction to hear this case." Doc. 8. Plaintiff did not do so. Based on the record before it, it appears the Court lacks jurisdiction over this lawsuit.

## Conclusion

Plaintiff's filings to date lack the information necessary for the Court to determine that it has jurisdiction or that Plaintiff is eligible to proceed without paying the filing fee. The Court has explained to Plaintiff what is missing in her financial form and complaint, and directed her to amend both or risk dismissal of her lawsuit. Because she has not amended her financial form and

complaint, and because the time allotted to do so has passed, I **RECOMMEND**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED without prejudice;

2. Plaintiff's complaint be dismissed without prejudice, subject to the right of Plaintiff to file an amended complaint and motion to proceed in forma pauperis within 60 days of the Court's order;

3. At the close of the 60-day period, if Plaintiff has failed to file the amended documents, that Plaintiff's case be dismissed with prejudice, which means that Plaintiff would not be allowed to re-open or re-file this lawsuit.

REPORTED on March 20, 2024.

_NATALIE HIRT ADAMS_
NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.