## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HASSANNA GRIER,

      Plaintiff,

v.                          Case No. 8:23-cv-2916-WFJ-NHA

IN TOWN SUITES CLERK,
TAMPA POLICE DEPARTMENT,
and HILLSBOROUGH COUNTY
SHERIFF'S OFFICE

      Defendants.

_____/

## REPORT AND RECOMMENDATION

I recommend that Plaintiff Hassanna Grier's amended motion to proceed without pre-paying the filing fee (Doc. 15) be denied and that her Amended Complaint (Doc. 14) be dismissed with prejudice. Notwithstanding the Court's repeated requests (*see* Docs. 8, 11, 13), Plaintiff has not submitted enough information for the Court to determine if she can afford the filing fee, and has not amended her complaint to state a viable claim or to demonstrate the Court's jurisdiction.

### I.    Background

Plaintiff filed this action against Defendants In Town Suites, Hillsborough County Sherriff's Office, and the Tampa Police Department for

1

assault, neglect, and harassment. Doc. 1, p. 1. Plaintiff alleges that, in "Oct/Nov 2019" she and her grandchild were "assaulted" and "harassed" by an In Town Suites clerk, Tampa Police Department officers, and Hillsborough County Sheriff deputies, and that the process was "frightening for plaintiff and grandchild." Doc. 1, pp. 4–5.

Plaintiff alleged that the Court had federal question jurisdiction, but, when asked to list the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff listed ten Florida statutory claims: (1) coercion and intimidation, in violation of Section 760.37; (2) "violation of constitution," in violation of Section 760.51;[1] (3) negligence, in violation of Section 768.81; (4) assault, in violation of Section 784.11; (5) punitive damages, in violation of Section 768.73; (6) harassment, in violation of Section 784.048; (7) perjury in a non-official proceeding, in violation of Section 837.012; (8) punitive damages, in violation of Section 768.73; (9); culpable negligence, in violation of Section 784.05; and (10) discrimination in public, in violation of Section 760. Doc. 1, p. 3.

With her complaint, Plaintiff filed a motion to proceed without prepaying the filing fee. Doc. 2. Plaintiff used the Court's form application, which asks a

---

[1] This statute authorizes the Florida Attorney General to sue persons who interfere with another's enjoyment of his state constitutional or state law rights.

plaintiff to provide certain information about her income, assets, and living expenses. *Id.* But the information Plaintiff provided was incomplete. Plaintiff responded "N/A" to many of the questions on the form and stated "not financially stable need assistance" without further explanation. *Id.* pp. 2, 3, and 5. She did not list any expenses relating to rent, utilities, transportation, or clothing, or provide any employment history or bank account information. *Id.* pp. 1, 2, and 4.

The Court issued an order explaining that Plaintiff's financial affidavit lacked enough information for the Court to determine whether the Plaintiff could afford the filing fee, and that her Complaint failed to provide enough information for the Court to determine (1) if the Court had jurisdiction over her case, or (2) whether Plaintiff had a viable claim. Doc. 8. The Court explained what questions in the financial affidavit Plaintiff needed to answer. *Id.* The Court also described the Federal pleading rules and the different bases for the Court's jurisdiction, and the Court explained that Plaintiff's Complaint needed to include (1) a short and plain description of the facts that showing Defendants had violated the law, and (2) the grounds on which the Court had jurisdiction to hear her case. *Id.* at p. 7. The Court directed Plaintiff to file, by February 26, 2024, an amended financial form and an amended complaint. *Id.* at p. 7. The Court warned Plaintiff that, if she failed to timely amend the financial form and complaint, she risked dismissal of her case. *Id.*

3

In response to the Court's order, Plaintiff filed a notice stating, "This claim is not a small claim and I am seeking damages over 1 million dollars." Doc. 9. Plaintiff added that her claim was for safety and cited a Florida state public discrimination statute as well as a Florida state intimidation statute. *Id.* She also stated that she attached another copy of her application to proceed without prepaying fees. *Id.* She wrote "it's the same. N/A means I don't have, I originally shared that $0.00 beside it." *Id.* Despite her notice stating that she had submitted another application to proceed without prepaying fees, the Court did not receive one.

The Court determined that the information filed by Plaintiff remained inadequate; there was no new financial affidavit, and Plaintiff did not assert facts supporting the Court's jurisdiction. So, on May 15, 2024, the Court directed the Plaintiff to file (1) a motion to proceed without pre-paying the filing fee that answered questions about her finances, and (2) an amended complaint that complied with the Federal Rules of Civil Procedure and set forth the basis for federal jurisdiction. Doc. 13 at p. 2 (adopting Report and Recommendation at Doc. 11). The Court advised Plaintiff that, if she failed to amend her financial affidavit and her Complaint, she risked dismissal of her lawsuit. Doc. 13, p. 2.

On June 13, 2024, Plaintiff filed an Amended Complaint. Doc. 14. The Amended Complaint is the same as Plaintiff's original Complaint, except that Plaintiff wrote "amended refile" on the top of the first page 1. *Id.*, p. 1.

Plaintiff also filed an amended motion to proceed without pre-paying the filing fee. Doc. 15. Although Plaintiff's amended financial form now states "I have no income. Health issues," she again responded "N/A" to many of the questions on the form and did not explain on her application why a question could not be answered. Doc. 15, pp. 2, 3, and 5. She again failed to list any expenses with regard to rent, utilities, transportation, or clothing and did not provide any employment history or bank account information. *Id.* pp. 1, 2, and 4.

## II.    Legal Authority

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that [s]he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end,

section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

To demonstrate a basis in fact, Federal Rule of Civil Procedure Rule 8 requires that a plaintiff describe what a defendant did that violated the law. As stated under the Rule, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Conclusions and characterizations of conduct are insufficient; a complaint must allege enough facts to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

Independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that it has subject matter jurisdiction over a case. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks

6

subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir.1999)). First, federal courts have original jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states; this is called diversity jurisdiction. 28 U.S.C. § 1332. Second, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"; this is called federal question jurisdiction. 28 U.S.C. § 1331. A complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Unless the party asserting jurisdiction demonstrates otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.    Analysis

Plaintiff has been told, repeatedly, in this case and many others,[2] that to bring a lawsuit without prepaying the fee, she must demonstrate that she cannot afford to pay the fee, that the Court has jurisdiction over the case, and that she brings a viable claim.

The Court previously concluded that, in this case, Plaintiff's complaint and motion to proceed without prepayment were deficient. Doc. 13. The Court explained to Plaintiff how her filings fell short and gave her an opportunity to correct them. Docs. 8, 11, 13. But her amended filings (Docs. 14, 15) do not fix the problems. Indeed, her "amended complaint" includes no revision aside from a notation on the first page stating "Amended Refile." Doc. 14, p. 1.

Based on the record here, and for the reasons previously stated (Docs. 8, 11, 13), it does not appear that the Court has the authority to authorize her suit without requiring prepayment of the filing fee, or that the Court has jurisdiction to hear her case.

## IV.    Conclusion

I respectfully recommend that:

1. Plaintiff's amended motion to proceed in forma pauperis (Doc. 15) be
   DENIED; and

---

[2] *See* Doc. 11, pp. 2-4 (describing Plaintiff's other unsuccessful attempts to sue and the Court's associated instructions)

2. Plaintiff's Amended Complaint (Doc. 14) be dismissed with prejudice, meaning Plaintiff would not be permitted to re-file.

SUBMITTED to the District Court on July 25, 2024.

*Natalie Hirt Adams*

NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.